# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04-03165-01-CR-S-FJG |
| | ) | |
| ELGIN HUMPHREY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a Motion to Quash the Indictment, in which he alleges that the plea agreement in Case No. 03-03075-01-CR-S-RED bars prosecution in this case. The United States has filed its response.

On June 4, 2003, the defendant was charged in a three-count indictment for violations of 21 U.S.C. § 841, possession of cocaine base with intent to distribute; 18 U.S.C. § 924, possession of a firearm in furtherance of a drug trafficking offense, and 18 U.S.C. § 922 (j), possession of a stolen firearm. On February 3, 2004, the defendant pled guilty to Count II of the indictment. On July 8, 2004, the defendant was sentenced to 60 months in the Bureau of Prisons.

On June 7, 2004, a Springfield, Missouri, police officer, conducted a routine traffic stop of a vehicle which had no license plate displayed. It is the contention of the United States that, as the vehicle came to a stop, an individual, later identified as the defendant, fled the vehicle. After an officer gave chase, the defendant was apprehended and was in possession of a firearm. The United States was aware of these facts prior to the July 8, 2004, sentencing. On December 15, 2004, the defendant was indicted for possession of that firearm.

Paragraph eight of the plea bargain in Case No. 03-03075-01-CR-S-RED provides, in pertinent part, that the United States attorney for the Western District of Missouri agrees to file no additional charges against the defendant arising out of the present offense or investigation in the Western District of Missouri. Defendant contends that because the United States knew of the facts which constitute the basis of the present indictment before the defendant was sentenced on the first indictment, it is somehow barred from pursuing the present charges. A plain reading of the original plea bargain is that the government agrees not to file charges arising out of the present offense or investigation, meaning the offense or investigation which was the subject of the indictment returned on June 4, 2003. There is no reasonable reading of the original plea bargain that bars prosecution of a completely unrelated matter, which occurred approximately four months after defendant pled guilty and signed the plea bargain agreement. It is therefore

RECOMMENDED that defendant's Motion to Quash the Indictment be denied.

       /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: August 18, 2005